LAW OFFICE OF WILLIAM E. KENNEDY
WILLIAM E. KENNEDY (CSB #158214)
2797 Park Avenue, Suite 201
Santa Clara, California 95050
(408) 241-1000 phone
(408) 241-1500 fax
willkennedy@pacbell.net

Attorney for Plaintiff SAMUEL LOPEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOPEZ,<br><br>Plaintiff<br><br>vs.<br><br>RICKENBACKER GROUP, INC. dba<br>RICKENBACKER COLLECTION SERVICES,<br><br>Defendants. | Case No: CV-10 1092 PVT<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT** |

### PARTIES

1. At all material times, Plaintiff SAMUEL LOPEZ was an individual residing in San Mateo County, California.

2. Plaintiff is informed and believes that at all material times, defendant RICKENBACKER GROUP, INC. (hereinafter "Rickenbacker") was a California corporation whose principal business is debt collection. Plaintiff is informed and believes that Rickenbacker acquires hundreds of accounts each year from towing companies and attempts to collect such towing charges by means of use of the mail and telephone systems. Rickenbacker is located in the City of Morgan Hill, Santa Clara County, California.

### JURISDICTION AND VENUE

3. Jurisdiction is proper in the Federal District Court pursuant to 28 U.S.C. 1331, on the basis that the defendant, by an act or omission violated federal law, specifically the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*

COMPLAINT

1

4. Venue is proper in Federal District Court of Northern California pursuant to 28 U.S.C. §1391, because this is the judicial district where defendant resides and in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

5. Mr. Lopez is the former owner of a 1991 Toyota Tercel. Mr. Lopez sold the vehicle on April 6, 2009. On the following day, Mr. Lopez went to a Department of Motor Vehicle office in Daly City, California to report the sale. He filled out and submitted a Notice of Transfer and Release of Liability form. He received a date stamped receipt from the DMV after submitting the form.

6. Several months later, Mr. Lopez received one or more collection letters from Rickenbacker which attempted to collect a $2,360.00 towing and storage fee allegedly owed to B&B Vehicle Processing, Inc. The letter stated that the Tercel had been towed on May 6, 2009, one month after Mr. Lopez sold the vehicle.

7. On August 10, 2009, Mr. Lopez sent a copy of the date stamped receipt he had received from the DMV to Rickenbacker. Mr. Lopez paid a fee to the United States Postal Service to send this letter by Certified Mail, Return Receipt Requested. Subsequently, Mr. Lopez had a telephone call with Rickenbacker. The Rickenbacker employee informed him that the document he submitted was insufficient to show that he did not owe the debt. Mr. Lopez thereafter returned to the DMV and asked for additional documentation. The DMV employee with whom Mr. Lopez spoke stated that the date stamped receipt he had should be sufficient to indicate that he did not owe the towing and storage charges, but also gave him a copy of Vehicle Code Section 5900 which provides the procedure for reporting vehicle sales to the DMV. Mr. Lopez thereafter re-sent to Rickenbacker the date stamped receipt, and also attached a cover letter and a copy of the Vehicle Code section which he had been provided by the DMV.

8. On December 17, 2009, Rickenbacker sent a letter to Mr. Lopez which stated "We have investigated your dispute on this debt and we do not consider your dispute valid. Your debt is now in immediate collection status. In your own best interest, we urge you to clear this account today. Please contact this office and make the arrangements." The letter did not state why

COMPLAINT

2

Rickenbacker did not consider the dispute to be invalid. The letter attached a copy of Notice of Pending Lien Sale which B&B Vehicle Processing Inc. had filled out which lists Mr. Lopez as an "Interested Party."

9. Thereafter, Rickenbacker began placing collection telephone calls to Mr. Lopez, demanding that he make payment.

10. Pursuant to Vehicle Code §5602, Mr. Lopez was not liable for the payment for the towing charge upon filing the Notice of Transfer and Release of Liability form.

11. Rickenbacker submitted a derogatory report to the credit reporting agencies with respect to Mr. Lopez. Specifically, Rickenbacker reported that the account was a "collection" account and that Mr. Lopez had failed to pay an outstanding balance. During this time frame, Mr. Lopez was working with a real estate agent and lender to purchase a home which was on the market as a short sale. Shortly before the purchase was to close, the lender checked Mr. Lopez' credit report and, finding the Rickenbacker account, declined to proceed further with the loan. The home subsequently was foreclosed on, and therefore is no longer available for purchase. Accordingly, Mr. Lopez lost his opportunity to purchase the house. Mr. Lopez also lost a $5,000.00 deposit which he paid toward the purchase of the house.

### FIRST CAUSE OF ACTION
**(Violation of the federal Fair Debt Collection Practices Act)**

12. Plaintiff incorporates all other paragraphs as though fully set forth herein.

13. Defendant Rickenbacker used instruments of interstate commerce, including mail, telephone and electronic correspondence in its business, the principal purpose of which is the collection of debt. In plaintiff's case, Rickenbacker used mail and telephone to communicate with plaintiff. Further, Rickenbacker regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. In plaintiff's case, the towing charge was originally allegedly owed to a B&B Vehicle Processing, Inc. Accordingly, Rickenbacker is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

14. Rickenbacker violated the following provisions of the FDCPA:

    a. Rickenbacker violated 15 U.S.C. §1692e by using false and misleading

COMPLAINT

3

misrepresentations in connection with the collection of a debt;

    b. Rickenbacker violated 15 U.S.C. §1692e(2) by falsely representing the character, amount or legal status of a debt;

    c. Rickenbacker violated 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt;

    d. Rickenbacker violated 15 U.S.C. §1692f(1) by attempting to collect any amounts not permitted by law.

15. As a result of Rickenbacker's violations of the FDCPA, plaintiff was damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
**(Violation of the California Fair Debt Collection Practices Act)**

16. Plaintiff incorporates all other paragraphs as though fully set forth herein.

17. The California Fair Debt Collection Practices Act is set forth at Civil Code §1788 et seq. The Act incorporates most provisions of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. Specifically, Civil Code §1788.17 incorporates 15 U.S.C. §1692b to §1692j, inclusive, into the Act. Rickenbacker violated Civil Code §1788.17 by violating the following provisions of the federal Fair Debt Collection Practices Act:

    a. Rickenbacker violated 15 U.S.C. §1692e by using false and misleading misrepresentations in connection with the collection of a debt;

    b. Rickenbacker violated 15 U.S.C. §1692e(2) by falsely representing the character, amount or legal status of a debt;

    c. Rickenbacker violated 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt;

    d. Rickenbacker violated 15 U.S.C. §1692f(1) by attempting to collect any amounts not permitted by law.

18. Plaintiff is informed and believes that the violations of the Act were willful and knowing.

COMPLAINT

4

## THIRD CAUSE OF ACTION
### (California Consumer Credit Reporting Agencies Act)

19. Plaintiff incorporates all other paragraphs as though fully set forth herein.

20. Rickenbacker is a "debt collector" as that term is defined in Civil Code §1788.2(c).

21. Rickenbacker violated Civil Code §1785.25(a) by reporting credit information to consumer credit reporting agencies, as that term is defined at Civil Code §1785.3(d). which it knew or should have known was incomplete or inaccurate.

22. Plaintiff is informed and believes that the violation of Civil Code §1785.25(a) by defendant was willful and in accordance with defendant's standard business procedures. In the alternative, plaintiff is informed and believes that the violation of Civil Code §1785.25(a) by defendant was negligent.

23. Defendant's violations of the California Consumer Credit Reporting Agencies Act causes damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff prays that the court grant:

a) Actual damages pursuant to, and Civil Code §1785.31(a), Civil Code §1788.30(a), and 15 U.S.C. §1692k(a)(2)(A);

b) Punitive damages pursuant to Civil Code §1785.31(a)(2)(B) of $5,000 per violation of Civil Code §1785.25(a)

c) Civil penalties pursuant to 15 U.S.C. §1692k(a)(2)(B);

d) Civil penalties pursuant to 15 U.S.C. §1692k(a)(2)(B) (incorporated into the state FDCPA by Civil Code §1788.17);

e) Injunctive relief pursuant to Civil Code §1785.31(b) to require Rickenbacker to cease reporting the disputed account to credit reporting agencies;

f) Costs and reasonable attorney's fees pursuant to Civil Code §1788.30(c); U.S.C. §1692k(a)(3), and 1785.31(a) and (d);

COMPLAINT

5

g) For such other and further relief as the Court deems just and proper.

Dated: March 12, 2010          LAW OFFICE OF WILLIAM E. KENNEDY

*William E. Kennedy*
Attorney for Plaintiff SAMUEL LOPEZ

COMPLAINT